# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TBES INVESTMENTS LLC, | Case No. 2:15-cv-01352-APG-GWF |
| Plaintiff, | |
| v. | **ORDER REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |
| RUBEN REYES, *et al.*, | |
| Defendants. | |

This action originally was filed in Nevada state court. ECF No. 1-1 at 8. Defendant Bayview Loan Servicing removed the action to this court on the basis of federal question jurisdiction. ECF No. 1. However, no federal claim or federal question appears on the face of the complaint. As the party seeking to invoke this Court's jurisdiction, defendant Bayview Loan Servicing bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). I therefore directed Bayview to show cause why this action should not be remanded to state court.

Bayview responded that because the property as issue is insured by the FHA, the federal government owns an interest in the property, thus implicating the Property and Supremacy Clauses of the United States Constitution. ECF No. 28. Plaintiff TBES Investments, LLC responds that it "does not contest" removal. ECF No. 30.

Bayview has not met its burden of establishing a federal question appears on the face of the complaint. TBES's complaint asserts only state law claims. Bayview's arguments regarding the Property and Supremacy Clauses are federal defenses that cannot support removal. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). Additionally, the parties cannot agree to confer jurisdiction on this court. *See Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 757 (9th Cir.), *opinion amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 1999). Thus,

TBES's decision not to contest removal has no bearing on the jurisdictional question. Because Bayview has not established subject matter jurisdiction in this court, I will remand this action to state court.

IT IS THEREFORE ORDERED that the case is **REMANDED** to the state court from which it was removed for all further proceedings. The clerk of the court is instructed to close this case.

DATED THIS 19th day of May, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE